IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SHAUN NGUYEN | § § | |
| VS. | § § | C.A. NO. 4:20-CV-4140 |
| JEFFERY HOLMES WHITE AND JIM'S AUTO BODY SHOP, INCORPORATED | § § § | JURY |

DEFENDANTS JEFFERY HOLMES WHITE AND
JIM'S AUTO BODY SHOP, INCORPORATED'S
NOTICE OF REMOVAL
_____

Pursuant to 28 U.S.C. § 1441, Defendants Jeffery Holmes White and Jim's Auto Body Shop, Incorporated (collectively the "Defendants") file their Notice of Removal because this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.

**I.  Procedural Background.**

1. Plaintiff Shaun Nguyen filed the lawsuit numbered 2020-66604 and styled *Shaun Nguyen v. Jeffery Holmes White and Jim's Auto Body Shop, Incorporated,* in the 270th Judicial District Court of Harris County, Texas (the "State Court Proceeding").

2. The Defendants file this Notice of Removal pursuant to 28 U.S.C. § 1446 to remove the State Court Proceeding from the 270th Judicial District Court of Harris County, Texas to the United States District Court for the Southern District of Texas, Houston Division.

3. Nguyen initiated the State Court Proceeding by filing its Original Petition on October 16, 2020, complaining of the Defendants.

4.	Nguyen served the Defendants on or about November 5, 2020. Pursuant to 28 U.S.C. § 1446(b), the Defendants file this Notice of Removal within thirty days of receiving service of the summons and a copy of the initial pleading setting forth Nguyen's claim for relief.

5.	This case arises out of personal injuries Nguyen allegedly suffered while driving in Harris County, Texas. Nguyen contends that on February 1, 2019, he was traveling northbound near the 3500 block of the Gulf Freeway in Houston, Harris County, Texas. Plaintiff's Orig. Pet. at ¶ 8 (Oct. 16, 2020). Nguyen claims White, was traveling in the same direction after making a U-turn under the freeway, failed to yield the right-of-way, and crashed into Nguyen's vehicle. *Id.* The Defendants deny liability.

**II.	Complete Diversity Exists between Plaintiff and the Defendants.**

6.	Pursuant to 28 U.S.C. §1332(a), this case is removable to this Court on the basis of diversity jurisdiction. Complete diversity of citizenship exists between Nguyen and the Defendants.

7.	Nguyen is a citizen of Texas. Nguyen has maintained his domicile in Texas at all relevant times. Nguyen is a resident of Texas. Plaintiff's Orig. Pet. at ¶ 3 (Oct. 16, 2020). Therefore, Nguyen is a citizen of Texas for purposes of diversity jurisdiction.

8.	White is a citizen of Tennessee. White has maintained his domicile in Tennessee at all relevant times. Plaintiff's Orig. Pet. at ¶ 4 (Oct. 16, 2020). Therefore, White is a citizen of Tennessee for purposes of diversity jurisdiction.

9.	Jim's Auto Body Shop is a citizen of Tennessee. A corporation is a citizen of its State of incorporation and the State where it has its principal place of business. 28 U.S.C.

§ 1332(c)(1). Jim's Auto Body Shop is incorporated in Tennessee with its principal place of business in the State of Tennessee. Plaintiff's Orig. Pet. at ¶ 5 (Oct. 16, 2020). Therefore, Jim's Auto Body Shop is a citizen of Tennessee for diversity jurisdiction.

10. Complete diversity exists between Nguyen and the Defendants.

### III. The Amount in Controversy Exceeds $75,000.

11. It is facially apparent that an amount in excess of $75,000 (exclusive of interest and costs) is in dispute. Nguyen seeks monetary relief over $250,000 but not more than $1,000,000. Plaintiff's Original Pet. at ¶ 1. Nguyen alleges he suffered severe physical injuries, mental anguish, physical impairment, medical expenses, and also pleads for exemplary damages. Plaintiff's Original Pet. at ¶ 17 to 23. Nguyen seeks prejudgment and post-judgment interest. *Id.* at ¶ 24. Thus, the $75,000 amount in controversy component of diversity jurisdiction has been satisfied. 28 U.S.C. § 1332(a); 28 U.S.C. § 1446(c)(2).

### IV. Venue.

12. Venue is proper in the Houston Division of the Southern District of Texas under 28 U.S.C. § 1441(a) because this district and division embrace Harris County, Texas, the place where the State Court Proceeding was pending before removal.

### V. Matters Filed.

13. In accordance with 28 U.S.C. § 1441(a), copies of all process, pleadings, and orders served upon Nguyen in the State Proceeding are attached to this Notice of Removal. *See* Index of Matters Filed.

14. Pursuant to 28 U.S.C. § 1446(d), the Defendants will promptly give written notice of the filing of this Notice of Removal to all parties and to the clerk of the 270th Judicial District Court of Harris County, Texas.

## VI. Prayer.

15. The Defendants respectfully request that the State Court Proceeding be removed and placed on the Court's docket for further proceedings. The Defendants request any additional relief to which they may be justly entitled.

Respectfully submitted,

**LANZA LAW FIRM, P.C.**


*/s/ Nicholas J. Lanza with permission SKS*
**NICHOLAS J. LANZA**
TBA No. 11941225
**STEWART K. SCHMELLA**
TBA No. 24033041
2502 Algerian Way
Houston, Texas 77098
713-432-9090
713-668-6417 fax
eservice@lanzalawfirm.com
sschmella@lanzalawfirm.com

**ATTORNEYS FOR DEFENDANTS
JEFFERY HOLMES WHITE AND
JIM'S AUTO BODY SHOP,
INCORPORATED**

## **CERTIFICATE OF SERVICE**

  I certify that a true and correct copy of this document was sent as described below on December 4, 2020:

***Via CMRRR and Email:*** aboylhart@kwoklaw.com
Alex P. Boylhart
Robert S. Kwok
KWOK DANIEL LTD., LLP.
9805 Katy Freeway, Suite 850
Houston, TX 77024

            */s/ Stewart K. Schmella*
            **STEWART K. SCHMELLA**